IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


**JONATHAN ISAIAH HILL,**

                **Petitioner,**

      v.                                 CASE NO. 08-3107-RDR

**CLAUDE CHESTER,**

                **Respondent.**


## O R D E R

Petitioner initiated this pro action under 28 U.S.C. § 2241 in May 2008 while incarcerated in a federal facility in Leavenworth, Kansas, alleging error in the execution of his sentence by the Bureau of Prisons (BOP). Having reviewed the record, the court denies the petition.

Petitioner was convicted in the Central District of Illinois on his plea to the charge of being a felon in possession of a firearm, 28 U.S.C. § 922(g). In his petition, he claims the BOP unlawfully determined he was ineligible for reduction of his sentence under 28 U.S.C. § 3621(e) upon his completion of a Residential Drug and Adjustment Program (RDAP), and challenges the validity of the BOP regulation underlying that determination. Petitioner insists the regulation is contrary to the plain language of § 3621(e), and argues BOP's promulgation of the regulation did not comply with the Administrative Procedures Act.

Respondents contend the petition should be dismissed because petitioner had not exhausted available administrative remedies when

he filed his petition, and because petitioner's claims have no merit under controlling Supreme Court and Tenth Circuit decisions. Respondents subsequently informed the court that petitioner was released from the Leavenworth, Kansas, facility in November 2008 to a halfway house in Springfield, Illinois, and that petitioner was arrested approximately two months later on state criminal charges. On the face of the limited record, it appears petitioner is currently in state rather than federal custody, and that the United States Marshal Service has lodged a detainer against him for service of the remainder of petitioner's federal sentence.

*Exhaustion of Administrative Remedies*

The court first finds dismissal of the petition without prejudice would be appropriate.

It is well-settled that a prisoner must exhaust available remedies prior to habeas corpus relief under § 2241 in a federal court. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir.2010). *See e.g., Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986)(federal prisoners must exhaust administrative remedies before commencing a petition pursuant to § 2241).

Here, petitioner acknowledges, and the record documents, that he completed his appeal to the national office almost nine months after filing his § 2241 petition. The court thus finds dismissal of the petition without prejudice is warranted based upon petitioner's failure to first fully exhaust his administrative

remedies.

*Merits of Petitioner's Claims*

Alternatively, the court finds the petition is subject to being dismissed on the merits notwithstanding petitioner's failure to first exhaust administrative remedies.[1]  *See e.g., Montez*, 208 F.3d at 866 ("because no credible federal constitutional claim is raised in [the] petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2) in this case").

To be entitled to habeas corpus relief, petitioner must demonstrate he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Controlling precedent in this circuit precludes him from making any such showing.

Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP may grant a sentence reduction upon the successful completion of RDAP by a prisoner convicted of a nonviolent offense.  Petitioner basically contends early release under § 3621(e) should be available to him because § 922(g) is not a "violent offense," and the BOP cannot by regulation condition eligibility for early release under § 3621(e) beyond that statute.  However, this contention lacks merit after the

---

[1]The court does not address allegations presented by petitioner in undated affidavits attached to petitioner's motion for leave to supplement the record.  In those affidavits petitioner alleges discriminatory misconduct by at least one BOP employee in Leavenworth, Kansas, who was involved in the determination of whether a prisoner was eligible under § 3621 for a reduction of sentence.  Petitioner characterizes this information as additional background material, and acknowledges he never pursued formal administrative review of these allegation within BOP.

3

Supreme Court decided in *Lopez v. Davis*, 531 U.S. 522 (2001), that BOP has the authority to provide reasonable exclusions from § 3621(e)(2)(B) early release eligibility, and can exercise its discretion to place restrictions on early release that are not set forth in the statute. *Id* at 238-40. *See also Licon v. Ledezma*, __ F.3d __, 2011 WL 1137056, *2-3 (10th Cir.2011)(detailing the history surrounding BOP's promulgation of rules to implement the early release provision in § 3621(e), and the impact of *Lopez*).

To the extent petitioner contends the BOP violated the Administrative Procedures Act in promulgating a rule to implement § 3621, the Tenth Circuit has found the BOP's 1997 interim regulation (which was finalized in 2000) was substantively valid and not arbitrary and capricious. *Licon*, __ F.3d __, 2011 WL 1130756 at *5-6. Moreover, to the extent petitioner relies on the Ninth Circuit's decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), that decision is not binding in this circuit, and the Tenth Circuit has joined the growing majority of courts critical of *Arrington*. *See Licon*, __ F.3d __, 2011 WL 1137056 at *4.

*Petitioner's Post-Filing Circumstances*

As respondents point out, petitioner was released to a halfway house in Illinois after filing the instant petition, and is currently at an unknown location and subject to a federal detainer. Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas requires that "[e]ach...party appearing pro se is under a continuing duty to notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be

4

sufficient notice."  The court record, however, reflects that petitioner has not notified the court of his current mailing address.

Under the circumstances, which appear to present a distinct possibility that petitioner may return to federal custody in the future, the court relies on petitioner's failure to fully exhaust BOP remedies as the more appropriate basis for dismissing the instant petition.

IT IS THEREFORE ORDERED that the petition is dismissed without prejudice.

DATED:  This 2nd day of June 2011, at Topeka, Kansas.

                                       s/ Richard D. Rogers
                                      RICHARD D. ROGERS
                                      United States District Judge